**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5084

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VICTOR WARDELL WRIGHT,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Deborah K. Chasanow, District Judge. (8:06-cr-00038-DKC)

Submitted:  January 28, 2008        Decided:  February 19, 2008

Before NIEMEYER and GREGORY, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brian W. Stolarz, KIRKPATRICK & LOCKHART PRESTON GATES ELLIS, L.L.P., Washington, D.C., for Appellant. Rod J. Rosenstein, United States Attorney, Barbara S. Skalla, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Victor Wright was convicted for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000), and sentenced to 235 months in prison. Wright appeals, contending that: (1) the district court erred in denying the motion to suppress the firearm seized from the car; (2) the district court erred in denying the motion to reopen the case to hear additional testimony; (3) the evidence was insufficient to convict him; and (4) the district court erred by sentencing him to 235 months in prison. Finding no error, we affirm.

Wright first argues that the district court erred by denying his motion to suppress the firearm. Wright's vehicle was disabled in a travel lane of the Capital Beltway in Maryland, and an officer stopping to assist Wright spotted an illegal firearm between the passenger and driver's seats. He argues that the officer, Sergeant Rivers, had neither the requisite reasonable suspicion nor probable cause to justify the seizure of Wright, thus, the firearm was a product of an illegal search. This court reviews the factual findings underlying the denial of a motion to suppress for clear error and the legal conclusions de novo. United States v. Johnson, 400 F.3d 187, 193 (4th Cir.), cert. denied, 126 S. Ct. 134 (2005). We consider the evidence in the light most favorable to the party who prevailed in the district court. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

Contrary to Wright's assertion, Sergeant Rivers did not need to have reasonable suspicion or probable cause when he stopped on the roadway behind Wright. Wright's vehicle was broken down in a travel lane of a busy highway, impeding traffic and causing delays, and Sergeant Rivers stopped to assist Wright. Sergeant Rivers' stop to assist the disabled vehicle does not implicate the Fourth Amendment; thus, Wright was not seized. See Florida v. Bostick, 501 U.S. 429, 434 (1991). As Rivers was walking past Wright's car to speak with Wright, who was standing near the front of the car, Rivers looked through the open window and saw a firearm in plain view. Under the plain view doctrine, Sergeant Rivers was authorized to make a warrantless seizure of the handgun from the vehicle because he possessed probable cause that the vehicle contained evidence of a crime. See Texas v. Brown, 460 U.S. 730, 741 n.6 (1983); United States v. Jackson, 131 F.3d 1105, 1109 (4th Cir. 1997).[1]

To the extent Wright argues that Rivers' testimony should be discredited because photographs taken of the front seat and the weapon are inaccurate as items had been moved, the court heard testimony about this contention, and Rivers was thoroughly questioned about seeing the weapon. The district court, after hearing the evidence at the suppression hearing, determined that

---

[1]Under Md. Code Ann., Crim. Law, § 4-203 (2006), it is illegal to transport a handgun, subject to certain exceptions not applicable here.

Rivers' testimony was credible. Credibility determinations are within the province of the trier of fact and are not reviewable on appeal. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Accordingly, we conclude the seizure of the handgun was lawful and the court properly denied the suppression motion.

Wright next argues that the district court erred when it refused to reopen the defense case to permit a witness to testify. During trial, an unsubpoenaed witness for the defense, Bobby Thompson, was scheduled to testify but failed to appear at the courthouse at the appointed time. The district court instructed defense counsel to tell Thompson to return to the courthouse, but Thompson did not arrive before the close of evidence. Counsel moved to reopen the defense case to allow Thompson to testify the following morning, but the court denied the motion, finding that Thompson was not a critical witness.

The district court's denial of a motion to reopen a case is reviewed for abuse of discretion. United States v. Abbas, 74 F.3d 506, 510-11 (4th Cir. 1996). In making its determination, the court must consider factors such as the timeliness of the motion, character of the testimony, and the effect of granting the motion. Id. Specifically, the moving party must provide a reasonable explanation for failing to present the evidence in the case-in-chief, the evidence should be relevant, admissible, or helpful to the jury, and the reopening of the case should not imbue the

evidence with distorted importance, prejudice the opposing party's case, or preclude the adversary from meeting the evidence offered. Id.

Here, defense counsel stated that Thompson was not in the courthouse because a detective involved in the case asked to meet Thompson at his home, and he left to comply. The court instructed counsel to tell Thompson to return to the court, but Thompson did not comply in a timely fashion. Also, the district court determined that the proffered testimony would not be helpful to the jury in assessing whether the gun was in the car when Nena Smith, the car's owner, bought it. There was no suggestion in the case-in-chief that Thompson had any information about the firearm. Finally, reopening the case to permit Thompson to testify would have placed a distorted weight on Thompson's testimony. The court had already instructed the jury that the evidence was closed and the case would be moving on to a different phase. We conclude the district court did not abuse its discretion when it denied the defense motion to reopen the case.

Wright next asserts that there was insufficient evidence to convict him of being a felon in possession of a firearm. A jury's verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). This court has "defined 'substantial evidence' as 'evidence that a reasonable

finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Smith, 451 F.3d 209, 216 (4th Cir.) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)), cert. denied, 127 S. Ct. 197 (2006). This court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the Government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998). This court "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 127 S. Ct. 452 (2006).

To prove that Wright was a felon in possession of a firearm, under 18 U.S.C. § 922(g)(1), the Government needed to demonstrate that: (1) Wright previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) Wright knowingly possessed, transported, or received the firearm; and (3) the possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce. See United

States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). Wright stipulated that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. ATF Agent Hermann testified as to the firearm's movement in interstate and foreign commerce. Finally, Sergeant Rivers stopped to assist Wright's disabled vehicle and saw the firearm in plain view as he walked past the vehicle. Wright argues that Sergeant Rivers' testimony was not credible, and the defense witnesses' testimony that the firearm had been in the car for weeks, and did not belong to Wright, was credible. Again, this court will not review a factfinder's credibility assessments on appeal. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989) (citations omitted). We conclude there was sufficient evidence to support the jury's verdict.

Finally, Wright contends that his sentence was unlawful because it was based upon erroneous findings of fact about his criminal record and was improperly enhanced for obstruction of justice and drug-related activity. The presentence report assigned a base offense level of 24, with a two-level increase because the handgun was stolen, see U.S. Sentencing Guidelines Manual (USSG) § 2K2.1(b)(4) (2005), and a two-level enhancement for obstruction of justice for subornation of perjury. See USSG § 3C1.1. Because Wright qualified as an armed career offender, his offense level was raised to 33, his criminal history score was VI, and his Sentencing

Guidelines range was 235 to 293 months in prison. Wright was sentenced to 235 months--the bottom of the advisory guidelines range.

The district court did not enhance Wright's sentence based upon obstruction of justice or other drug-related activity. While the presentence report recommended applying the obstruction of justice enhancement, the only enhancement applied at sentencing that affected Wright's ultimate sentence was the finding of armed career criminal status, which automatically raised his offense level to 33, rather than the lower calculated level. See § 4B1.4. Wright's argument that his sentence was improperly enhanced based upon obstruction of justice and drug-related activity is meritless.

As to the finding that Wright was an armed career criminal, the court relied on two distribution of cocaine charges and one assault with intent to prevent lawful apprehension charge. Wright did not object at sentencing to the use of these three felonies to enhance his sentence.[2] He now contends that the court erred because it did not rely on "conclusive court documents when determining the nature of a prior conviction," and the court made conclusory statements without referencing the precise convictions.

---

[2]Wright contends in his reply brief that trial counsel was ineffective for failing to raise objections at sentencing. Because ineffective assistance claims are generally not cognizable on direct appeal, United States v. King, 119 F.3d 290, 295 (4th Cir. 1997), and because new claims may not be raised in reply briefs, Hunt v. Nuth, 57 F.3d 1327, 1338 (4th Cir. 1995), we decline to consider this claim.

- 8 -

Wright does not argue that the predicate offenses do not qualify. The presentence report made it abundantly clear that Wright had three felony convictions and outlined the dates and place of each conviction. Wright's argument that the court was required to reiterate the specifics of each conviction at sentencing is meritless.

We affirm Wright's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>